IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK ANTHONY ARMIJO,

        Plaintiff,

v.                                                                                                  No. 2:24-cv-883-SMD/KRS

US LBM OPERATING CO. 3009 LLC,
as successor in interest to FOXWORTH-
GALBRAITH LUMBER COMPANY;
and ORGILL, INC.

        Defendants.

## ORDER TO FILE CORPORATE DISCLOSURE STATEMENTS AND SECOND AMENDED COMPLAINT

THIS MATTER is before the Court *sua sponte* following its review of Plaintiff's First Amended Complaint For Personal Injuries ("FAC") (Doc. 18). Plaintiff originally filed his complaint in state court alleging claims against Foxworth-Galbraith Lumber Company. The Notice of Removal was filed by Foxworth-Galbraith Lumber Company and alleged federal court jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a)(1). *See* (Doc. 1 at 2-3). On the issue of whether there was complete diversity, Foxworth-Galbraith Lumber alleged that Plaintiff is a resident of New Mexico, and that Foxworth-Galbraith Lumber, a corporation, is incorporated in Delaware with its principal place of business in Illinois. Plaintiff then filed the FAC on December 17, 2024, which names two new defendants in place of the original defendant Foxworth-Galbraith. The new defendants are US LBM Operating Co. 3009, LLC, as successor-in-interest to Foxworth-Galbraith Lumber Company, and Orgill, Inc. (Doc. 18). The FAC alleges jurisdiction in this Court without citing any specific jurisdictional statute, but the allegations reveal that, like the original defendant (Foxworth-Galbraith Lumber Company), Plaintiff intends to assert jurisdiction based on diversity of citizenship.

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the FAC, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the FAC fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." To establish diversity among the parties the plaintiff must allege that all defendants are citizens of a different state than the plaintiff. *Mikelson v. Conrad*, 839 F. App'x 275, 277 (10th Cir. 2021). "Typically, a plaintiff satisfies this requirement by providing 'a short and plain statement of the grounds for the court's jurisdiction'" in the complaint." *Id.* (quoting Fed. R. Civ. P. 8(a)(1)).

### **Plaintiff's Citizenship**

The FAC alleges that "Plaintiff is a resident of Williamsburg, New Mexico." (Doc. 18 ¶ 3). This allegation does not sufficiently identify Plaintiff's citizenship. For diversity-jurisdiction purposes, citizenship is determined by a person's domicile, and a person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. *See Crawley v. Glaze*, 710 F.2d 776, 678 (10th Cir. 1983). "[A]n allegation that a party ... is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court." *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015); *see also Travaglio v. Am. Exp. Co.*,

735 F.3d 1266, 1269 (11th Cir. 2013) ("The allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Simon v. Taylor,* 455 F. App'x 444, 446 (5th Cir. 2011) ("an allegation that the parties are 'residents' of particular states is insufficient to provide the court with diversity jurisdiction"); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *Kantrow v. Celebrity Cruises Inc.,* 533 F. Supp. 3d 1203, 1215 (S.D. Fla. 2021) (citing additional cases).[1]

**Defendants' Citizenship**

The FAC alleges that "US LBM as successor in interest to Foxworth-Galbraith Lumber Company is a Delaware for-profit corporation" (Doc. 18, ¶ 4 (footnote omitted)), by which Plaintiff presumably means that US LBM is incorporated in the State of Delaware. Similarly, the FAC alleges that the other defendant, Orgill, Inc., is "a Tennessee for-profit corporation" (Doc. 18 ¶ 8), by which Plaintiff presumably means that Orgill is incorporated in the State of Tennessee. But the FAC fails to allege the state in which either of these two defendants maintain their principal place of business. *See Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir.2000) (a corporation is "deemed to be a citizen of both the state where it is incorporated and the state where it has its principal place of business (quoting 28 U.S.C. § 1332(c)(1)). A complaint that fails to

---

[1] Some courts have held that, in the removal context, a defendant can rely on the plaintiff's allegation of his own residence in a state court complaint in asserting federal diversity jurisdiction because residence is prima facie evidence of domicile. *See, e.g., Lee v. BMW of N.A, LLC,* No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019); *but compare Whelan v. Wesley Apartment Homes, LLC*, 376 F. Supp. 3d 1312, 1319 (N.D. Ga. 2019) (holding that a plaintiff's allegation of residency in a state court complaint was not sufficient to alert a defendant that the case was removeable because "residency is not synonymous with—or sufficient to establish—citizenship"). If applied, this case law might have supported the allegation in the Notice of Removal of Plaintiff's citizenship based on where he resides. But it is inapposite to the FAC, because Plaintiff has now filed a complaint in federal court and obviously has personal knowledge of where he is domiciled (as opposed to merely resides).

allege both the place of incorporation and principal place of business is deficient. *See, e.g., Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 637 (5th Cir. 1983) (stating that it was "beyond dispute" that "a complaint properly asserting diversity jurisdiction must state both the state of incorporation and the principal place of business of each corporate party"); *Sturgill v. Forest River, Inc.*, No. 1:22-CV-3605-JPB, 2023 WL 3224350, at *3 (N.D. Ga. May 2, 2023) (rejecting defendants' argument that "they did not need to 'split out where they were incorporated or where they operated because they were the same'"); *Depositors Ins. Co. v. Evan-Talan Homes, Inc.*, No. 22-1217-JAR-KGG, 2022 WL 6727398, at *1 (D. Kan. Oct. 11, 2022) ("If they are corporations, the Complaint must … indicat[e] both its principal place of business and its place of incorporation").

In addition, the FAC's allegation that US LBM is a corporation is itself suspect, given that the case caption indicates the full name of that entity is "US LBM Operating Co. 3009, LLC." The designation "LLC" indicates that US LBM may be a limited liability company. For its part, US LBM admits only that "it is a Delaware *entity*." (Doc. 19 ¶ 4 (emphasis added)). If US LBM is a limited liability company, then the rule for determining the citizenship of a corporation does not apply. *See Carden v. Arkoma Assocs.,* 494 U.S. 185 (1990). Instead, a limited liability company ''takes the citizenship of all its members.'' *Siloam Springs Hotel, L.L.C.,* 781 F.3d at 1238. Moreover, "[w]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Sols., LLC,* No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018) (citing, *inter alia, Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships,

corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted))).[2]

The party seeking the exercise of jurisdiction in his favor 'must allege in his pleading *the facts* essential to show jurisdiction.'" *I Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1013–14 (10th Cir. 2018) (emphasis added) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)). However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; *see Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 n. 3 (2d Cir. 2000) ("[A]n inadequate pleading does not in itself constitute an actual defect of federal jurisdiction."). Accordingly, Plaintiff must file a Second Amended Complaint that amends his jurisdictional allegations by properly alleging the citizenship of each party according to the above rules.

**Federal Rule of Civil Procedure 7.1(a)(2)**

Federal Rule of Civil Procedure 7.1(a) requires that any nongovernmental corporate party file a corporate disclosure statement that "(A) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (B) states that there is no such corporation." Fed. R. Civ. P. 7.1(a)(1). The statement must be with the party's "first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1). The

---

[2] *See also SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008) (noting defendants' acknowledgment "that the weight of authority generally requires them to drill down through each layer of ownership, showing the citizenship of each member of each component limited-liability corporation that, collectively, comprise Strategic Real Estate Investors, LLC"); T*urner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd*., Civil Action No. 06–88–A, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be ....").

two nongovernmental corporate defendants in this case did not file a Rule 7.1 statement when they first appeared in this action. They are directed to do so now.

Rule 7.1(a)(1) requires disclosure of information needed for judges to determine if they have a conflict of interest. Effective, December 1, 2022, however, the rule was amended to *also* require that when a case that is in federal court because of diversity jurisdiction is filed or removed, each "party or intervenor" must file a disclosure statement that provides the "name—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2).

Accordingly, prior to Plaintiff being required to file a Second Amended Complaint to correct the jurisdictional allegations in the FAC, Defendants will be ordered to file corporate disclosure statements, reflecting the information required not only by subsection (a)(1) of Rule 7.1, but also the information required by subsection (a)(2) of that Rule, including identification of all members of any limited liability company and their citizenships, drilling down through each layer of ownership if any member is itself a limited liability company or other entity for which citizenship is determined by the citizenship of its component members or partners.[3]

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that on or before **March 18, 2025**, Defendants US LBM OPERATING CO. 3009 LLC and ORGILL, INC. shall

---

[3] Defendants are forewarned that the selections under the CM/ECF filing event "Corporate Disclosure Statement" found under the "Other Documents" tab asks for information related to subsection (a)(1) only. It does not ask for information required by the new subsection (a)(2), which information is in addition to that required by (a)(1) but only for a subset of cases in which federal diversity jurisdiction is asserted. Defendants may still file their statements using the CM/ECF filing event "Corporate Disclosure Statement," but will need to download a separate corporate disclosure statement that they prepare, which includes the information required by both subsections (a)(1) and (a)(2).

each file a corporate disclosure statement that complies with all applicable provisions of Fed. R. Civ. P. 7.1.

**IT IS FURTHER ORDERED** that on or before **March 28, 2025,** Plaintiff MARK ANTHONY ARMIJO must file a Second Amended Complaint that properly alleges all of the elements for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint by March 28, 2025 with sufficient allegations showing that federal jurisdiction exists over Plaintiff's claims, the Court may recommend to the presiding trial judge that the case be remanded to state court.

IT IS SO ORDERED this 3rd day of March, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE