IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK ANTHONY ARMIJO,

      Plaintiff,

v.                                             No. 2:24-cv-883-SMD/KRS

ORGILL, INC. and US LBM
OPERATING CO. 3009 LLC,

      Defendants.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on March 12, 2025. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below:

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

    (a)    Maximum of thirty (30) interrogatories by side each party to any other party, with responses due thirty (30) days after service.

    (b)    Maximum of thirty (30) requests for admission by each party to any other party, with responses due thirty (30) days after service.

    (c)    Unlimited requests for production of documents by each party, to any other party, with responses due thirty (30) days after service.

    (d)    Unlimited number of depositions by each party. Each deposition is limited to a maximum of six (6) hours unless extended by agreement of the parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for Plaintiff to move to amend pleadings or join additional parties: **May 5, 2025**;

(b) Deadline for Defendants to move to amend pleadings or join additional parties: **June 3, 2025**.

(c) Deadline for Plaintiff's expert reports: **August 1, 2025**.[1]

(d) Deadline for Defendant's expert reports: **September 30, 2025**.

(e) Termination of fact discovery: **July 31, 2025**.

(f) Motions relating to fact discovery: **August 20, 2025**.

(g) Termination of expert discovery: **October 31, 2025.**

(h) Motions relating to expert discovery: **November 20, 2025**.

(i) Deadline for supplementing discovery/disclosures: **Due within thirty (30) days of receipt of information giving rise to the need for supplementation.**

(j) All other motions:[2] **December 1, 2025**.

(k) Pretrial order: **To be set by the presiding judge**.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made

---

[1] The parties must have their experts ready to be deposed at the time they identify them and produce their reports.

[2] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order. Counsel should review and comply with the chambers-specific guidelines for the presiding and referral judges assigned to this case, which are available at *https://www.nmd.uscourts.gov/judges*. Each judge may have practices and submission procedures that counsel are expected to follow.

during the deposition in question. Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline. Discovery must be completed on or before the termination of the discovery deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time-period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

**SO ORDERED THIS 12th day of March 2025.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE